IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

BENTWOOD ESTATES, LTD., et al.,

                  Plaintiff,                Case No. 3:05 CV 7035

-vs-

                                            MEMORANDUM OPINION

HONORABLE MAYOR JOHN QUINN,
et al.,

                  Defendant.

KATZ, J.

This matter is before the Court on the Defendants' motion to dismiss Plaintiffs' complaint (Doc. No. 16). Plaintiffs have responded (Doc. No. 21); Defendants have replied (Doc. No. 22). The Court has jurisdiction under 28 U.S.C. § 1331. Defendants' motion is granted as to Plaintiffs' federal constitutional claim. Without addressing the merits of Defendants' motion as to Plaintiffs' state-law claims, the Court remands the case to the Wood County, Ohio, Court of Common Pleas, for lack of subject-matter jurisdiction.

## BACKGROUND

Plaintiffs are two owners of rental homes in Bowling Green, Ohio ("BG"), where a city ordinance prohibits more than three unrelated people from living in one house. Plaintiffs claim city officials searched their tenants' U.S. mailboxes, thereby determining that more than three people were living in some of the houses. The city officials then obtained search warrants, searched the houses, and prosecuted the tenants for violating the ordinance.

Plaintiffs have sued BG's mayor, prosecuting attorney, director of planning and zoning, and zoning officer, respectively, claiming they conspired to injure the Plaintiffs' rental businesses.

Plaintiffs claim Defendants have violated their tenants' constitutional rights, which has, in turn, directly injured the Plaintiffs economically by causing prospective tenants to refuse to rent from them. Plaintiffs ask the Court to enjoin the city officials from searching their tenants' mail, and to award compensatory and punitive damages.

## DISCUSSION

Defendants move under Rule 12(b)(6) to dismiss the complaint, claiming Plaintiffs lack standing to assert the constitutional rights of their tenants, and that their civil conspiracy claim is improperly pled because Plaintiffs have not pled an underlying tort. In response, Plaintiffs ignore the constitutional-standing issue, and argue that their civil conspiracy action is premised on properly pled claims of tortious interference with business relations and abuse of process. The Court grants Defendants' motion to dismiss as to Plaintiffs' federal constitutional claim, and, without ruling on the sufficiency of Plaintiffs' state-law tort allegations, remands those claims to state court.

*A. Motion to Dismiss Standard*

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the function of the Court is to test the legal sufficiency of the complaint. In scrutinizing the complaint, the Court is required to accept the allegations stated in the complaint as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984), while viewing the complaint in a light most favorable to the plaintiffs, *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686, 40 L. Ed. 2d 90 (1974); *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976). The Court is without authority to dismiss the claims unless it can be demonstrated beyond a doubt that the plaintiff can prove no set of facts that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41,

45-46, 78 S. Ct. 99, 101-02, 2 L. Ed. 2d 80 (1957); *Westlake*, *supra*, at 858. *See generally* 2 JAMES W. MOORE, MOORE'S FEDERAL PRACTICE, § 12.34[1] (3d ed. 2004).

*B. Constitutional Claims*

Plaintiffs claim that by searching their tenants' mail boxes and using the information inside to prosecute the tenants, Defendants violated Plaintiffs' and their tenants' constitutional rights. Plaintiffs do not specify which constitutional right Defendants violated; however, the Court presumes Plaintiffs refer to the Fourth Amendment right to be free from unreasonable searches and seizures. U.S. Const. amend. IV.

The mailbox searches did not violate Plaintiffs' own Fourth Amendment rights, because Plaintiffs had no reasonable expectation of privacy in the insides of their tenants' mailboxes. As the Supreme Court has explained, "capacity to claim the protection of the Fourth Amendment depends not upon a property right in the invaded place but upon whether the person who claims the protection of the Amendment has a legitimate expectation of privacy in the invaded place." *Rakas v. Illinois*, 439 U.S. 128, 143 (1978). Courts in this Circuit "employ a two-part inquiry for determining whether a legitimate expectation of privacy exists: First, we ask whether the individual, by conduct, has exhibited an actual expectation of privacy; that is, whether he has shown that he sought to preserve something as private. . . . Second, we inquire whether the individual's expectation of privacy is one that society is prepared to recognize as reasonable." *United States v. Waller*, 426 F.3d 838, 844 (6th Cir. 2005) (internal quotations omitted).

Here, Plaintiffs have not plead that they sought to preserve their tenants' mailboxes as something private unto themselves, and the Court finds any such claim would be meritless, since, by their very nature, the mailboxes must be accessed by the tenants. *See id.* (citing "whether the

defendant has the right to exclude others from the place in question; [and] whether he had taken normal precautions to maintain his privacy" as factors in the expectation-of-privacy determination).

Furthermore, the Plaintiffs lack standing to assert the violation of their tenants' Fourth Amendment rights. Generally, "one may not claim standing . . . to vindicate the constitutional rights of some third party." *Barrows v. Jackson*, 346 U.S. 249, 255 (1953). "The reasons [for this] are two. First, the courts should not adjudicate such rights unnecessarily, and it may be that in fact the holders of those rights either do not wish to assert them, or will be able to enjoy them regardless of whether the in-court litigant is successful or not." *Singleton v. Wulff*, 428 U.S. 106, 113-114 (1976) (plurality opinion). Courts sometimes make exceptions to the rule where those justifications are inapplicable. *Id.* at 114. Such cases tend to occur where "the enjoyment of the right [of the third-party] is inextricably bound up with the activity the litigant wishes to pursue." *Id.* at 114-15; *see also, e.g.*, *Family Planning Clinic, Inc. v. City of Cleveland*, 594 F. Supp. 1410, 1413 (N.D. Ohio 1984) (holding that an abortion clinic could assert the rights of its clients). Such is not the case here, where the Plaintiffs' activity of renting apartments in no way affects the tenants' ability to be free from unreasonable searches and seizures.

In any event, "Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted." *Rakas*, 439 U.S. at 133 (internal quotation omitted); *Ellwest Stereo Theatres, Inc. v. Wenner*, 681 F.2d 1243, 1248 (9th Cir. 1982) (holding that an adult theater could not assert its customers' Fourth Amendment right to be free from "dragnet searches" or police "spying"). Therefore, Plaintiffs may not state a claim based on the

violation of their tenants' Fourth Amendment rights. Plaintiffs' federal constitutional claims are dismissed for failure to state a claim on which relief may be granted.

*C. Subject-Matter Jurisdiction and Remand*

When a federal district court has dismissed all claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over pendant state claims. 28 U.S.C. § 1367(c)(3). Moreover, "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by [28 U.S.C. §] 1331 . . . is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates." 28 U.S.C. § 1441(c). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims . . . ." *Musson Theatrical v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996).

Because the Court has dismissed all claims over which it has original jurisdiction, and because the litigation is in an early stage, the Court remands Plaintiffs' remaining claims, which are premised on Ohio tort law, to the Wood County Court of Common Pleas.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Doc. No. 16) is granted as to Plaintiffs' federal constitutional claims. The Clerk is instructed to remand this case to the Wood County, Ohio, Court of Common Pleas.

IT IS SO ORDERED.

   S/ *David A. Katz*
DAVID A. KATZ
SENIOR U. S. DISTRICT JUDGE